Morton J.
delivered the opinion of the Court. The question which seems to be presented upon these pleadings, is, whether the defendant has complied with all the terms and conditions of his grant, or by a violation of them has forfeited his franchise. And this appears to be the question which the legislature by its resolve intended to have decided. But as a wider range has been taken in the investigation, and as the process has been attempted to be supported upon broader ground, it may be proper to consider the several questions which were raised and examined in the argument.
In the first place it is contended, that maintaining the bridge in question is a usurpation, because the act authorizing it is unconstitutional ana void. The verdict finds that the inlet over which the ondge is erected, is navigable, and that tne bridge prevents the passage of vessels of a certain description, which were accustomed to pass there before. And it is argued that this is a public highway which every citizen has a right to use without interruption or obstruction ; and that the legislature cannot take it away without adequate indemnity and except for purposes of public convenience and necessity. Const, pt. 2, c. 1, § 1, art. 4
*480 The legislature has power to regulate and control by Ians ap pUjjiic highways and the navigable waters within the limits of the commonwealth. This power has been exercised from the commencement of our government without objection, and, in the use of it, bridges have been erected over many of the navigable rivers in the State. Every bridge, however much care may have been taken to provide suitable draws, has obstructed navigation in a greater or less degree. Although great solicitude has ever been manifested to prevent obstructions from being created in navigable waters, and great vigilance exercised in requiring bridges to be provided with suitable draws to facilitate the passage of vessels, yet, in some instances at least, the passage of vessels of a description which before had been accustomed to pass, has been entirely prevented. In all cases the legislature has the power to inquire when the public convenience and necessity demand these partial obstructions and interruptions to navigation, and upon what terms and conditions they may be established.
But it is said that this grant was made upon the petition and for the sole benefit of an individual, and was not needed for the accommodation of the public. It is doubtless true, that the leading motive of the defendant in erecting the bridge was private profit. And so almost all other enterprises, many of which have resulted in great public improvements, have originated in motives of private gain. It is also true, that others, as well as the proprietors, may have occasion to go upon the island. To such the bridge is an accommodation. Whether so many are thus accommodated that it may be said to be of common convenience, is a question which it was the province of the legislature to determine, and which may be presumed to have been correctly determined. We can therefore see no valid objection to the constitutionality of this grant.
It is further contended on the part of the commonwealth, that even if the legislature had power to pass such an act, yet that this is void, because it was obtained by the deception and fraud of the defendant. If a legislative act may be avoided for this cause, yet fraud is always a question of fact peculiarly within the province of a jury, and cannot be in *481 ferred by the Court. In this case the question was not directly submitted to the jury, and it does not necessarily result from the facts which were found by the verdict, that any fraud or deception was practised by the defendant in obtaining the grant from the legislature.
It is also contended in behalf of the commonwealth, that the defendant has forfeited his franchise, because he failed to comply with the terms and conditions of the grant. That this act, which is in restraint of preexisting public privileges, should receive a liberal construction, so far as that may be beneficial to the public, and that the words of a statute should be enlarged or restrained, according to the intent of the legis lature, when that intent may be discovered from a view of the whole statute, or even from a comparison of several statutes made in pari materia, is undoubtedly required by the just rules of interpretation. The legislature provide in the act, that the bridge shall be built with a draw not less than fifteen feet wide, in a convenient place for the passage of vessels ; and that the owner, at his own expense, shall have the draw raised whenever it may be necessary. Now it seems to us, that to require that the draw should be more than fifteen feet in width, or that the defendant should erect a wharf or pier at the draw, or keep a man constantly stationed on the bridge to raise the draw, would be to add new and independent conditions to the grant, rather than to give a construction to the existing provisions of the act. The constant attendance of a man at the draw is required of the proprietors of very few, if any, of the other bridges in the State. And that a wharf or pier is not an essential part of a draw or necessarily incident to it, is manifest from the consideration, that it is sometimes required and sometimes not, according to the situation of the bridge and the state of the water over which it is built.
From the above construction of the statute, compared with the facts found by the jury, it is manifest that the defendant has not been guilty of any such misuser of his franchise as will work its forfeiture. The penalty for any unnecessary delay m raising the draw, is fixed by the statute, and any neglect of this kind would subject the owner to this penalty, but would not operate as a forfeiture of the franchise.
*482 Upon a careful examination of all the facts in the case and of the grounds relied upon in support of the information, we are of opinion that the grant to the defendant is constitutional and valid ; that he complied with all the terms and condemns of it; and that he has not forfeited the right thus acquired, by any misuser of it.